IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOTHAN HOSPITALITY, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:24-cv-00408-RAH-SMD ) [WO] ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

The Plaintiffs in this action are eight hotels, owned and operated solely or jointly by business partners, John Tampa and Yagnesh Patel. Each hotel was recently served with a Civil Investigative Demand ("CID") by the Department of Justice ("DOJ") related to suspected fraud of the Paycheck Protection Program ("PPP"). Affiliated entities, owned solely or jointly by Tampa and Patel, have filed six other actions in six different federal courts all seeking nearly identical declaratory and mandamus relief concerning similar investigative demands.

Pending before the Court is the Defendants' *Motion to Stay, Transfer, or for an Extension of Time in which to Answer* (doc. 36) filed on October 25, 2024. To the extent the motion seeks transfer of the case to the Southern District of Mississippi, the motion will be GRANTED.

## BACKGROUND

The Plaintiffs in this action are eight companies that received PPP loans from the United States Small Business Administration ("SBA") during the COVID-19 pandemic: Dothan Hospitality, LLC; Enterprise Hotels, LLC; Enterprise Hospitality, LLC; Hope Hull Hospitality, LLC; Montgomery Downtown Hotels, LLC; Montgomery DT Hospitality, LLC; P&T Hospitality, LLC; and Vision Hospitality, LLC. Five of the Plaintiffs—Dothan Hospitality, Enterprise Hospitality, Montgomery Downtown Hotels, Montgomery DT Hospitality, and P&T Hospitality—are jointly owned by Tampa and Patel. Tampa is the sole owner of the remaining three Plaintiffs—Enterprise Hotels, Hope Hull Hospitality, and Vision Hospitality.

Each of the eight Plaintiffs applied for First Draw PPP loans through Citizens National Bank of Meridian, Mississippi ("Citizens Bank"), and each were approved. Each entity also requested and later received PPP loan forgiveness. Each entity later applied for Second Draw PPP Loans, again through Citizens Bank, and each were approved. Again, each entity requested PPP Loan forgiveness. But this time, three of the entities had their requests denied, and one entity received notification from the SBA that more information was needed.

Recently, DOJ issued CIDs to all eight Plaintiffs in an effort to determine the legitimacy of their PPP loans and forgiveness applications. The Plaintiffs then filed this action against the SBA and its current administrator, the Secretary of the Treasury, DOJ, and the Attorney General seeking a declaratory judgment that (1) they were eligible to apply for and receive PPP loans; (2) their commingling of PPP loan proceeds with their own funds and the use of those commingled funds was not prohibited by and did not violate federal law or SBA regulations; (3) they used their PPP loan proceeds for appropriate eligible expenses; and (4) they did not falsely certify their PPP loan forgiveness applications. In addition, four of the Plaintiffs

2

seek a writ of mandamus compelling the SBA and its administrator to immediately forgive their Second Draw PPP Loans and implement a full, speedy, and adequate administrative review process if they refuse to do so.

The Defendants move to transfer this action to the United States District Court for the Southern District of Mississippi where an older and nearly identical action filed by affiliated entities against these same Defendants is pending. In that action, the district court has entered a ninety-day stay of proceedings in anticipation that similar actions filed by affiliated companies will be transferred there. Alternatively, the Defendants seek a stay of this matter while the parties litigate the Mississippi action.

## STANDARD OF REVIEW

"[A] district court may transfer any civil action to any other district . . . where it might have been brought" if the transfer effectuates "the convenience of the parties" and is "in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) gives district courts the discretion to adjudicate transfer motions on a case-by-case basis while considering the "weigh[t] . . . [of] case-specific factors" and "convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations and citation omitted). Concerning a transfer request, a court should consider multiple factors, including: (1) the convenience of the witnesses; (2) where the relevant documents are located and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) where the bulk of the activity at issue occurred—or the center of gravity of the litigation; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the parties' means; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

## DISCUSSION

Invoking the first-filed rule, the Defendants argue this case should be transferred to the Southern District of Mississippi. They argue the parties and issues in this case overlap with the parties and issues in the Mississippi action and that the 28 U.S.C. § 1404(a) equitable factors weigh in favor of transfer. Plaintiffs argue the first-filed rule does not apply because the Mississippi action "concerns a different set of facts and plaintiffs and does not encompass all the facts that underlie any claim for relief sought by [the] Plaintiffs in the present action." (Doc. 38 at 5.) Plaintiffs also argue the "anticipatory suit exception" to the first-filed rule applies and that the equities weigh against transfer.

As an initial matter, Plaintiffs could have filed this action in the Southern District of Mississippi. In "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof," the action may "be brought in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). It is undisputed that the United States Attorney's Office for the Southern District of Mississippi is handling the investigation into the Plaintiffs' PPP loans that give rise to this action, and those loans were procured from Citizens Bank in Mississippi. (*See* doc. 38 at 9 (stating that this lawsuit was "anticipatory and appropriate" in light of the civil investigations ongoing in Mississippi).) As such, there is no issue as to whether the proposed transferee court could hear this case.

Next, the first-filed rule. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135. "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am.*

4

*Cas. Co.*, 713 F.3d 71, 78 (11th Cir. 2013). The first-filed rule "generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id.* "A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit." *Id.* at 79. The party objecting to the application of the first-filed rule must "carry the burden of proving [that] 'compelling circumstances' [exist] to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

The "strong presumption" of the first-filed rule applies here. The issues in the two cases overlap. Plaintiffs argue the issues do not overlap because the present action involves distinct Alabama entities, with their own employees, payroll, expenses, and Alabama-based services, and whether these Alabama entities were eligible for PPP loans and used their loan proceeds for eligible-expenses, while the Mississippi action involves Mississippi entities with Mississippi employees, payroll, expenses, and services. But both cases concern the receipt and forgiveness of PPP loans through Citizens Bank by companies run by the same core individuals (Tampa and Patel), and the complaints in both cases are virtually identical and seek the same declaratory and mandamus relief. To this end, the Eleventh Circuit has stated that a plaintiff cannot avoid the first-filed rule by arguing that it and its owner are "distinct parties." *See Southern Mills, Inc. v. Nunes*, 586 F. App'x 702, 706 (11th Cir. 2014) (per curiam). Further, that Tampa signed the applications at issue in the Mississippi action and that Patel signed some of the applications at issue in this action while Tampa signed others is without any real significance. Simply put, the entities in both actions are inextricably intertwined through Tampa and Patel's common ownership.

5

Nor does the "anticipatory suit" exception block the application of the first-filed rule here. The anticipatory suit exception applies where the lawsuit "was filed in apparent anticipation of the other pending proceeding." *Manuel*, 430 F.3d at 1135 (internal quotations and citation omitted). "In that circumstance, the 'first-filed' court can decline to invoke the first-filed rule to retain the strategically filed action." *Collegiate Licensing Co.*, 713 F.3d at 79. The exception is not absolute. "[E]ven if a court finds that a filing is anticipatory, such finding does not automatically compel abandoning the first-filed rule." *Id.* The exception would apply only if the Defendants became aware of the potential lawsuit before it was filed and then filed the action in their home forum. *Id.* That is not the situation here.

In addition, the equitable factors do not weigh against transferring the case to Mississippi. For instance, Plaintiffs assert it would be more convenient for the parties and witnesses if the case remained in this district because their employees are located in Alabama. Defendants argue the convenience-of-the-parties factor is neutral because neither Tampa nor Patel (the signatory applicants) reside in Alabama, core witnesses at Citizens Bank also reside outside of Alabama, and the government employee witnesses reside in Mississippi, including those involved in the investigation. Considering these facts, this factor is neutral and does not weigh in Plaintiffs' favor.

Turning to "the location of relevant documents and the relative ease of access to sources of proof," *Manuel*, 430 F.3d at 1135 n.1, Plaintiffs argue this factor weighs in their favor because Defendants only "summarily state[d] . . . that all the loan documents and other sources of proof can be found in the Southern District of Mississippi" and did not provide anything further to carry their "heavy burden." (Doc. 38 at 11.) But it is undisputed that all Plaintiffs applied for their PPP loans through Citizens Bank which is based within the Southern District of Mississippi.

Common sense dictates that documents related to the PPP loans are housed in Mississippi. This factor also does not strongly weigh in favor of Plaintiffs.

Finally, as to the convenience of the parties and the weight accorded to a plaintiff's choice of forum, Plaintiffs argue that there can be no more convenient locale or place for the parties than their own backyard – Alabama. They also argue that their choice of forum in Alabama should be given great deference. The Court declines to give Plaintiffs' forum choice complete deference, and these two factors are easily outweighed by the strong presumption of the first-filed rule and the other factors supporting transfer to Mississippi. Accordingly, transfer to the Southern District of Mississippi, where the district court awaits arrival of additional cases such as this one, is appropriate.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  The *United States' Motion to Stay, Transfer, or for an Extension of Time in which to Answer* (doc. 36) is **GRANTED** to the extent that it requests transfer of this action to the Southern District of Mississippi, and it is **DENIED** in all other respects; and,

(2)  The Clerk of Court is **DIRECTED** to transfer this action to the United States District Court for the Southern District of Mississippi.

**DONE** and **ORDERED** on this the 19th day of February 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE